UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually

        Plaintiff,

v.                              Case No:  2:15-cv-736-FtM-38MRM

WEST COAST DEVELOPMENT
CORPORATION OF NAPLES, INC.,

        Defendant.

_____/

**ORDER**[1]

    This matter comes before the Court on Plaintiff, Patricia Kennedy and Defendant, West Coast Development's Stipulation for Approval and Entry of a Consent Decree and Dismissal of the Case with Prejudice (Doc. #28) filed on May 24, 2016.  Plaintiff and Defendant have reached an agreement to resolve this case by way of a Consent Decree to improve access to persons with disabilities, stipulated to the Court retaining jurisdiction to enforce the terms of the Consent Decree, and to dismiss this case with prejudice.

    The Consent Decree provides for the Court to maintain jurisdiction over the case or the consent decree is voided pursuant to *Anago Franchise Financing, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012).  However, *Anago* states "[t]o retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough." *Id.* (citing *SmallBizPros* 618 F.3d at 464 n. 4 (speculating that a situation might arise in which a

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

district court may lack jurisdiction to enforce a settlement agreement because it issued no order retaining jurisdiction even though the parties expressly provide for ancillary jurisdiction in their stipulation for dismissal). Thus, it is the Court's discretion on whether or not to retain jurisdiction over the matter and not the stipulation of the Parties to the consent decree.

The Consent Decree provides a deadline of June 1, 2017, for the final property re-inspection by Plaintiff after modifications listed in the Consent Decree have been completed.   The Court will approve the Consent Decree and dismiss this case with prejudice.

Accordingly, it is now **ORDERED:**

Plaintiff, Patricia Kennedy and Defendant, West Coast Development's Stipulation for Approval and Entry of a Consent Decree and Dismissal of the Case with Prejudice (Doc. #28) is **GRANTED**.

(1) The Consent Decree is **APPROVED**, and the Court will retain jurisdiction over its enforcement up to and including **June 1, 2017**.

(2) The Clerk of Court shall enter judgment dismissing this case with prejudice and subject to the terms of the Consent Decree, which shall be attached to the judgment (with exhibits).

(3) The Clerk is further directed to terminate all pending motions and deadlines and to close this file.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of August, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record